Jvdoe Ships on
delivered the opinion of the Court.
In this suit by petition and summons, by Ross against Prather, on a note for sixty dollars, due the 25th day of December, 1839, the defendant filed a plea, alleging that he was the surety of his co-obligor, Thomas Prather, and that more than seven years had elapsed after the plaintiff’s cause of action had accrued on the note, before any suit was'brought on it. To this plea the plaintiff replied, that when the cause of action accrued on the writing, the defendant resided in the county of Madison, and that he had obstructed the bringing of the suit, by removing from that county prior to the expiration of the seven years. To this replication the defendant demurred, and his demurrer having been overruled, and judgment rendered against him, he has brought the case to this Coui’t.
The only question is, as to the sufficiency of the replication. The act of 1838 (3 Stat. Law, 559) under which the plea was filed, provides, “that if any person *16 or persons, defendant or defendants, to any of the aforesaid actions, shall abscond, or conceal themselves, or by removal but of the country, or the county, where he or they do or shall reside, where such cause of action accrued, or by any other indirect ways or means defeat or obstruct any person or persons, who have title thereto, from bringing and maintaining any of the aforesaid actions, within the respective times limited by this act, that then, and in such case, such defendant or defendants, are not to be admitted to plead this act in bar to any of the aforesaid actions.” This proviso is exactly similar to that which is contained in the general limitation act of 1796: (2 Stai.Lauo, 1139.)
The objection made to the replication is, that it is too general and indefinite in its averments' — that instead of alleging that the plaintiff was obstructed in the bringing of his suit within the seven years by the removal of the defendant from the county of Madison, it should have set forth, specially, how the removal operated to produce such obstruction.
In the case of Sneed vs Hall, (2 Marshall, 22,) it was decided that a plea of the statute of limitations was not avoided under the proviso contained in the act of 1796, by a replication avering only a, removal from the county. But in that case, the intimation is strong, that had it alleged that the plaintiff had been obstructed in the bringing of bis suit within the time limited, by such removal, that the replication would have been sufficient.
The replication in this case follows the language of the statute. To require the party to set out the facts more specially, might lead to unnecessary prolixity in pleading. The defendant, by denying that the alleged removal had obstructed the bringing of the suit within the limited time, would have made an issue that would have imposed upon the plaintiff the burthen of establishing the alleged fact — not the removal itself, but the effect produced. We, therefore, regard the replication as containing all that was necessary, and the' decision of the Court below, overruling the demurrer to it, as being correct.
Burdett for plaintiff; Burton for defendant.
Wherefore, the judgment is affirmed.